**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LINDA GIPSON, on behalf of herself and all others similarly situated,    ) ) ) | Judge |
| Plaintiff,    ) ) | Case No. |
| v.    ) ) | |
| TAKING CARE OF OUR SENIORS, INC. ) d/b/a TKOOS and BEVERLY L. ) DAVIS, individually ) ) | |
| Defendants.    ) ) | |

**COMPLAINT**

Plaintiff Linda Gipson, on behalf of herself and all other persons similarly situated, known and unknown, through her attorneys and for her Complaint against Defendants Taking Care of Our Seniors, Inc., d/b/a TKOOS ("TKOOS") and Beverly L. Davis ("Davis"), individually (collectively "Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.     Plaintiff brings class and collective action overtime claims against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*., for Defendants' failure to pay Plaintiff and other caregivers owed overtime wages for time worked in excess of forty (40) hours per workweek.

2.     Plaintiff also brings class claims under Chapter 1-24 of the Chicago Municipal Code – the Chicago Minimum Wage Ordinance – for Defendants' failure to pay Plaintiff and other caregivers working in Chicago minimum wages at the applicable rate.

3.      Defendants are in the business of providing home health care services to clients in Illinois, including in the Chicago metropolitan area.

4.      Plaintiff and other similarly-situated persons are current and former employees of Defendants who were responsible for providing personal caregiving services to elderly or inform individuals in their homes.

5.      During the prior three years, Defendants regularly required Plaintiff to work multiple, consecutive 24-hour shifts in the homes of Defendants' clients.

6.      During the prior three years, Defendants regularly required similarly-situated caregivers to work multiple, consecutive 24-hour shifts in the homes of Defendants' clients.

7.      Defendants paid Plaintiff a day rate when she worked 24-hour shifts in the homes of Defendants' clients.

8.      Defendants paid similarly-situated caregivers a day rate when they worked 24-hour shifts in the homes of Defendants' clients.

9.      Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207.

10.     Plaintiff was entitled to be paid overtime under the FLSA when she worked more than forty (40) hours per week.

11.     Similarly-situated caregivers were not exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207.

12.     Similarly-situated caregivers were entitled to be paid overtime under the FLSA when they worked more than forty (40) hours per week.

13.     For every 24-hour shift Plaintiff worked, Defendants paid Plaintiff for thirteen (13) hours of work.

2

14.    For every 24-hour shift similarly-situated caregivers worked, Defendants paid the caregivers for 13 hours of work.

15.    During 24-hour shifts, Defendants deducted eight (8) hours from Plaintiff's total time worked for "sleep time" and another three (3) hours for meal and break time.

16.    During 24-hour shifts, Defendants deducted eight (8) hours for sleep time and three (3) hours for meal and break time from similarly-situated caregivers.

17.    During one or more 24-hour shifts during the prior three years, Plaintiff did not get at least five (5) hours of uninterrupted sleep as required for Defendants to take a deduction for sleep time under the FLSA. *See* 29 C.F.R. § 785.22(b).

18.    During one or more 24-hour shifts during the prior three years, Plaintiff did not receive uninterrupted meal breaks.

19.    During 24-hour shifts, Plaintiff was not permitted to leave Defendants' clients unattended or leave clients' homes to enjoy her own personal pursuits.

20.    During one or more 24-hour shifts during the prior three years, similarly-situated caregivers did not receive uninterrupted sleep time and meal breaks.

21.    During 24-hour shifts, similarly-situated caregivers were not permitted to leave Defendants' clients unattended or leave clients' homes to enjoy their own personal pursuits.

22.    Plaintiff informed Defendant Davis, on multiple occasions, that Plaintiff's sleep and meal time had been interrupted by clients and that she had performed work during her designated sleep and meal times.

23.    Despite having knowledge that Plaintiff was performing work during her designated sleep and meal times, Defendants did not pay Plaintiff for the additional time she worked.

24.     Defendants did not pay Plaintiff for all of her time worked during 24-hour shifts.

25.     Defendants did not pay similarly-situated caregivers for all of their time worked during 24-hour shifts.

26.     During one or more workweeks during the prior three years, Defendants failed to pay Plaintiff overtime for all of the time she worked in excess of forty (40) hours per week.

27.     For example, during the pay period ending April 6, 2017, Plaintiff worked five (5) 24-hour shifts for Defendant. Defendant paid Plaintiff for 12 hours of overtime. *See* Exhibit A.

28.     Even if Plaintiff had worked only 13 hours during each of her five (5) 24-hour shifts, she still would have been owed 25 hours of overtime.

29.     During one or more workweeks during the prior three years, Defendants failed to pay similarly-situated caregivers overtime for all of the time they worked in excess of forty (40) hours per week.

30.     When Defendants paid Plaintiff overtime wages, they did not include all of her time worked when calculating her regular rate of pay and therefore paid her at an artificially low rate.

31.     For example, during the pay period ending December 8, 2017, plaintiff worked five (5) 24-hour shifts at a rate of $143 per shift. Defendant calculated her half time overtime rate by dividing $715, her total wages paid ($143 x 5 = $715), by the total hours Defendants claim Plaintiff worked, 65 hours (13 x 5 = 65) and then dividing the result by two for an overtime rate of $5.50 ((715/64)/2) = 5.5). *See* Exhibit B.

32.     Defendants' calculation of the half-time overtime rate did not include the time Plaintiff worked in excess of 13 hours per shift during interrupted "sleep" or "break time."

33.     Likewise, when Defendants paid similarly-situated caregivers overtime wages, they did not include all of their time worked when calculating their regular rates and therefore paid them at artificially low rate.

34.     Defendants' failure to pay Plaintiff and similarly-situated caregivers overtime wages for all time worked over forty (40) hours per week at the correct rate violated the overtime provisions of Section 7 of the FLSA.

35.     Defendants' failure to pay Plaintiff and similarly-situated caregivers overtime wages for all time worked over forty (40) hours per week at the correct rate violated the overtime provisions of Section 105/4a of the IMWL.

36.     Plaintiff brings her FLSA claim as a collective action. Plaintiff's FLSA Consent Form is attached hereto as Exhibit C.

37.     Plaintiff brings her IMWL claim as a class action under Fed. R. Civ. P. 23.

38.     Defendants regularly required Plaintiff to work multiple, consecutive 24-hour shifts in the homes of Defendants' clients within the City of Chicago.

39.     In one or more workweeks since July 1, 2015, the total number of hours Plaintiff worked in Chicago divided by her total wages paid per week resulted in Defendants paying Plaintiff less than the minimum wage required under the Chicago Minimum Wage Ordinance. 1-24-020.

40.     Defendants regularly required similarly-situated caregivers to work multiple, consecutive 24-hour shifts in the homes of Defendants' clients within the City of Chicago.

41.     In one or more workweeks since July 1, 2015, the total number of hours similarly-situated caregivers worked in Chicago divided by their total wages paid per week resulted in

Defendants paying similarly-situated caregivers less than the minimum wage required under the Chicago Minimum Wage Ordinance. 1-24-020.

42.     Defendants' failure to pay Plaintiff and similarly-situated caregivers minimum wages violated Chapter 24 of the Chicago Municipal Code. 1-24-020.

43.     Plaintiff brings her Minimum Wage Ordinance claim as a class action under Fed. R. Civ. P. 23.

**JURISDICTION AND VENUE**

44.     This Court has jurisdiction over Plaintiff's FLSA claim, which arises under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

45.     This Court has supplemental jurisdiction over Plaintiff's IMWL claim and Minimum Wage Ordinance claim pursuant to 28 U.S.C. § 1367.

46.     Venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district. 28 U.S.C. § 1391.

**THE PARTIES**

47.     Plaintiff Linda Gipson resides in and is domiciled in Chicago, Illinois.

48.     Plaintiff worked for Defendants from approximately October 2015 until April 30, 2018.

49.     During her employment with Defendants, Plaintiff traveled to clients' homes located both outside and within the Chicago metropolitan area.

50.     Defendant Taking Care of Our Seniors, Inc., d/b/a TKOOS is an Illinois corporation with its principal place of business located in Rockford, Illinois.

51.     Defendant TKOOS does business within this judicial district.

52.     Defendant Davis founded TKOOS and owns TKOOS.

53. Defendant Davis is the President of TKOOS.

54. At all times relevant hereto, Plaintiff was TKOOS' "employee," as that term is defined by the FLSA, 29 U.S.C. § 203(e).

55. At all times relevant hereto, Plaintiff was Davis' "employee," as that term is defined by the FLSA, 29 U.S.C. § 203(e).

56. At all times relevant hereto, Plaintiff was TKOOS' "employee," as that term is defined by the IMWL, 820 ILCS 105/3(e).

57. At all times relevant hereto, Plaintiff was Davis' "employee," as that term is defined by the IMWL, 820 ILCS 105/3(e).

58. At all times relevant hereto, Plaintiff was TKOOS' "employee," as that term is defined by Chapter 1-24 of the Chicago Municipal Code. 1-24-010.

59. At all times relevant hereto, Plaintiff was Davis' "employee," as that term is defined by Chapter 1-24 of the Chicago Municipal Code. 1-24-010.

60. Defendant TKOOS was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

61. Defendant Davis was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

62. Defendant TKOOS was Plaintiff's "employer" as defined by the IMWL, 820 ILCS 105/3(c).

63. Defendant Davis was Plaintiff's "employer" as defined by the IMWL, 820 ILCS 105/3(c).

64. Defendant TKOOS was Plaintiff's "employer" as defined by Chapter 1-24 of the Chicago Municipal Code, 1-24-010.

65. Defendant Davis was Plaintiff's "employer" as defined by Chapter 1-24 of the Chicago Municipal Code, 1-24-010.

66. Defendant TKOOS is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

67. At all times relevant hereto Defendant TKOOS' annual gross volume of sales made or business done has exceeded $500,000 per year, exclusive of excise taxes.

68. Defendant Davis is involved in the day-to-day business operations of TKOOS.

69. At all times relevant hereto Defendant Davis has directed and supervised the work of employees, signed on the corporation's checking accounts, including payroll accounts, determined employee compensation and benefits, made decisions regarding capital expenditures, and hired and fired employees.

## CLASS ALLEGATIONS

70. Plaintiff Gipson and the members of the IMWL class she seeks to represent are current and former caregivers who worked for Defendants in Illinois and who were not paid all earned overtime pay by Defendants.

71. The relevant time period for the IMWL class action is from May 29, 2015 to the present.

72. Plaintiff Gipson and the members of the Minimum Wage Ordinance class she seeks to represent are current and former caregivers who worked for Defendants for at least two hours during any two-week period since July 1, 2015 while physically present within the geographic boundaries of the City of Chicago and who were paid less than the applicable minimum wage.

8

73. The relevant time period for the Minimum Wage Ordinance class action is July 1, 2015 to the present.

74. The number of caregivers Defendants employed in Illinois who worked more than forty (40) hours in individual work weeks and who were not paid all owed overtime wages is believed to exceed forty (40) persons.

75. The number of caregivers Defendants employed who worked at least two hours during any two-week period since July 1, 2015 while physically present within the geographic boundaries of the City of Chicago and who were paid less than the applicable minimum wage are believed to exceed forty (40) persons.

76. Plaintiff brings her class action claims pursuant to Fed. R. Civ. P. 23 because other persons similarly-situated to Plaintiff are so numerous that joinder of all parties is impracticable.

77. The issues involved in this lawsuit present common questions of law and fact.

78. The common questions of law and fact predominate over any variations which may exist between class members.

79. The violations alleged by Plaintiff are the result of Defendants' generally applicable policies or practices, and the common questions will predominate over any additional questions raised.

80. Plaintiff and the classes of similarly-situated persons, on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, liquidated damages and other penalties, interest, and attorneys' fees and costs of this lawsuit.

81. Plaintiff asserts that she is able to fairly and adequately represent and protect the

interests of the classes.

82.     Plaintiff's counsel is experienced in the prosecution of wage and hour class actions.

83.     If individual actions were required to be brought by each of the similarly-situated caregivers injured or affected by Defendants' policies and practices, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendants.

84.     A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the classes are entitled.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages
### (Collective Action)

Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint.

85.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* for their failure to pay Plaintiff and similarly-situated caregivers owed overtime wages.

86.     Defendants did not pay Plaintiff for all time worked over forty (40) hours per week when she worked multiple, consecutive 24-hour shifts in the homes of Defendants' clients.

87.     Defendants did not pay similarly-situated caregivers for all time worked over forty (40) hours per week when they worked multiple, consecutive 24-hour shifts in the homes of Defendants' clients.

88.     Defendants paid Plaintiff overtime wages at an artificially low rate because Defendants did not calculate Plaintiff's regular rate of pay based on all of the hours she worked per week.

89.     Defendants paid similarly-situated caregivers overtime wages at artificially low rates because Defendants did not calculate caregivers' regular rates of pay based on all of the hours they worked per week.

90.     Defendants' failure to pay Plaintiff all earned overtime wages at the correct rate violated § 207 of the FLSA.

91.     Defendants' failure to pay similarly-situated caregivers all earned overtime wages at the correct rate violated § 207 of the FLSA.

92.     Defendants willfully violated the FLSA by failing to pay Plaintiff and similarly-situated caregivers owed overtime wages at the correct rate.

93.     Plaintiff and other similarly-situated caregivers are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff and other similarly-situated caregivers pray for judgment against Defendants as follows:

A.     A judgment in the amount of all unpaid overtime wages for Plaintiff and similarly-situated caregivers based on the greater of the applicable minimum wage or their regular rate for all time worked in excess of forty (40) hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid compensation found due;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Class Action)

Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint.

94.     This count arises from Defendants' violation of the Illinois Minimum Wage Law,

820 ILCS 105/1, *et seq.,* for their failure to pay Plaintiff and the members of the IMWL class she seeks to represent earned overtime pay for all time worked in excess of forty (40) hours in individual workweeks.

95.     Defendants did not pay Plaintiff for all time worked over forty (40) hours per week when she worked multiple, consecutive 24-hour shifts in the homes of Defendants' clients.

96.     Defendants did not pay IMWL Class Members for all time worked over forty (40) hours per week when they worked multiple, consecutive 24-hour shifts in the homes of Defendants' clients.

97.     Defendants paid Plaintiff overtime wages at an artificially low rate because Defendants did not calculate Plaintiff's regular rate of pay based on all of the hours she worked per week.

98.     Defendants paid IMWL Class Members overtime wages at artificially low rates because Defendants did not calculate caregivers' regular rates of pay based on all of the hours they worked per week.

99.     Defendants' failure to pay Plaintiff all earned overtime wages at the correct rate violated the overtime provisions of the IMWL. 820 ILCS 105/4(a).

100.     Defendants' failure to pay IMWL Class Members all earned overtime wages at the correct rate violated the overtime provisions of the IMWL. 820 ILCS 105/4(a).

101.     Pursuant to 820 ILCS 105/12(a), Plaintiff and the IMWL Class Members are entitled to recover unpaid overtime wages for three (3) years prior the filing of this lawsuit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayment.

WHEREFORE, Plaintiff and the IMWL Class Members she seeks to represent pray for

judgment against Defendants as follows:

    A.    A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

    B.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.    Reasonable attorneys' fees and costs incurred as provided by the Illinois Minimum Wage Law; and

    D.    Such other and further relief as this Court deems just and proper.

## COUNT III
### Violation of the Chicago Municipal Code, Chapter 1-24 – Minimum Wages
### (Class Action)

Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint.

102.    This Count arises from Defendants' violation of Chapter 1-24 of the Chicago Municipal Code, the Chicago Minimum Wage Ordinance, 1-24-020, for failing to pay Plaintiff and Minimum Wage Ordinance Class Members minimum wages at the applicable rate.

103.    In one or more workweeks since July 1, 2015, the total number of hours Plaintiff worked in Chicago divided by her total wages paid resulted in Defendants paying Plaintiff less than the minimum wage required under the Chicago Minimum Wage Ordinance. 1-24-020.

104.    In one or more workweeks since July 1, 2015, the total number of hours Minimum Wage Ordinance Class Members worked in Chicago divided by their total wages paid resulted in Defendants paying Minimum Wage Ordinance Class Members less than the minimum wage required under the Chicago Minimum Wage Ordinance. 1-24-020.

105.    Defendants' failure to pay Plaintiff at least the applicable minimum wage violated the Chapter 24 of the Chicago Municipal Code. 1-24-020.

106.    Defendants' failure to pay Minimum Wage Ordinance Class Members at least the applicable minimum wage violated Chapter 24 of the Chicago Municipal Code. 1-24-020.

13

107.     Pursuant to 1-24-110, Plaintiff and the Minimum Wage Ordinance Class Members are entitled to recover three times the amount of the underpayment, as well as costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff and the Minimum Wage Ordinance Class Members she seeks to represent pray for judgment against Defendants as follows:

A.     A judgement in the amount of three times the amount of all back wages due as provided by the Chicago Minimum Wage Ordinance. 1-24-110;

B.     Reasonable attorneys' fees and costs incurred as provided by the Chicago Minimum Wage Ordinance; and

C.     Such other and further relief as this Court deems just and proper.

Dated:  May 29, 2018

Respectfully submitted,

s/Maureen A. Salas
One of the Attorneys for Plaintiff

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312/419-1008